## McGUIRE v. WILKINSON, *Appellant.*

**Mortgages**: AN ATTEMPT TO DEFEAT THE LIEN OF A JUNIOR INCUMBRANCE: GARNISHMENT. A tract of land being about to be sold under several mortgages, it was arranged between the mortgageor, the last mortgagee and one A. that the latter should bid off the land at $3,000, a sum insufficient to pay all the mortgages, but that he should actually pay $3,939.85, which was more than sufficient to pay them all, and that the surplus should be paid to the last mortgagee to indemnify him against a liability which he had assumed for the mortgageor. This arrangement was carried out, and the money was paid accordingly. A junior judgment creditor of the mortgageor claiming the surplus; *Held*, that it was subject to the lien of his judgment the same as the land had been, notwithstanding the above mentioned agreement; *Held*, also, that it could be reached by garnishment against the last mortgagee.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*Houck & Ranney* for appellant.

1. Even if the surplus of $939.85 realized over and above the bid could be considered as realized from the sale

under the mortgages, this amount is already appropriated to the payment of the real and *bona fide* debts of Joel Wilkinson, and in no sense can it be claimed that Nathan is indebted to him.

2.   The purchaser at the mortgagee's sale did not agree at all to pay the $939.85 to Joel Wilkinson, but agreed to pay the sum to Nathan for the benefit of Nathan. It may be that Joel, under the peculiar circumstances of the case, might have an equitable right to have the proceeds realized by the agreement between the purchaser and Nathan applied as agreed upon, but he could not secure the money either by a legal or equitable action and leave Nathan no guarantee for the payment of the notes upon which he stands as security for him.   If Joel could not sustain an action for the money, how can this garnisher secure the amount?   Does he not stand in the shoes of Joel?

3.   If McGuire, by the garnishment process, seeks to reach property on which no lien exists, it must be property belonging to Joel Wilkinson.   The excess realized, as already stated, was not the property of Joel Wilkinson, but was the property of Nathan Wilkinson, and hence, since the garnishment process is designed to reach the property and estate of the debtor, and no one else, he must fail. " It is a fundamental doctrine of garnishment that the plaintiff does not acquire any greater right against the garnishee than the defendant himself possesses."   Drake on Attach., § 462.   Nor can the garnishee be placed in a worse condition.   *Firebaugh v. Stone*, 36 Mo. 114; *McPherson v. A. & P. R. R.*, 66 Mo. 110.

*Wilson Cramer* for respondent.

1.   The surplus left, after satisfying the mortgages, should have been applied in payment of plaintiff's judgment.   2 Perry on Trusts, (2 Ed.) § 602 f. f.; 2 Jones on Mortgages, §§ 1688, 1935; *Major v. Hill*, 13 Mo. 247;

*Doniphan v. Paxton,* 19 Mo. 288; *Reid v. Mullins,* 43 Mo. 306; *Reid v. Mullins,* 48 Mo. 344; *Strawbridge v. Clark,* 52 Mo. 21. The judgment was a\lien on the surplus, and no agreement which Joel Wilkinson may have made with Nathan, could defeat this lien. Freeman on Judgments, (2 Ed.) §§ 349, 400; 2 Perry on Trusts, § 602 f. f.; *Matthews v. Duryee,* 45 Barb. 69; *Pococke v. Pococke,* 2 Mo. App. 118; *Huffard v. Gottberg,* 54 Mo. 271.

2. The overplus so remaining after the satisfaction of the mortgages, was subject to garnishment in the hands of Nathan. Drake on Attachment, (4 Ed.) §§ 508, 539; Perry on Trusts, § 602 f. f, ; *Sproule v. McNulty,* 7 Mo. 62; *Briggs v. Block,* 18 Mo. 281; *Casebolt v. Donaldson,* 67 Mo. 308.

NAPTON, J.—The assignee of the plaintiff, McGuire, obtained a judgment against Joel Wilkinson for $424.28, in May, 1874. At that date there were four mortgages upon Joel Wilkinson's land in Cape Girardeau county, which, with taxes and other expenses, amounted altogether to $3,470.30. The land was sold under these mortgages for $3,939.85, which left a balance of $469.55, subject to McGuire's judgment, and the object of this garnishment was to compel Nathan Wilkinson to pay over this surplus to the judgment creditor. The defense is, that the land sold for only $3,000; that the additional $939.85, which the purchaser actually paid for it, was brought about by an agreement between him and Nathan Wilkinson and Joel Wilkinson that the excess over $3,000 should be retained by Nathan to save him harmless upon an indebtedness of Joel on which he, Nathan, was security, which indebtedness was in the form of notes given by Joel upon which Nathan was security and joint maker. It is not pretended that the plaintiff, who had a judgment, was at all privy to this arrangement, but the effect of it, it is insisted, was to destroy all liability to Joel Wilkinson on the part of Nathan for the surplus thus realized, and at all events, to reduce the

claim from a lien on the land to a mere pecuniary obligation which ceased to be a lien, and could not, therefore, be reached by plaintiff's judgment. The circuit court, it seems, decided otherwise, and thought the lien of the judgment subject to the mortgages could not in this way be evaded, and in this opinion we concur. McGuire's judgment was a lien on the land, subject to the four mortgages. The plan pursued to evade this lien was to let the purchaser take the land at the nominal price of $3,000, which would be insufficient to pay off the mortgages, but at the same time the real sum to be paid was about $4,000, which would be enough to pay off the mortgages and the judgment debt of McGuire. As Joel Wilkinson assented to this arrangement, it is urged that he could not claim the surplus as his, and, therefore, his creditor, McGuire, could not garnish Nathan Wilkinson, who, as the last mortgagee, received the money, and who had a right to retain it in order to secure him on the two notes on which he was security for Joel. The surplus was due to Joel Wilkinson, and, therefore, subject to garnishment. "The surplus must be held subject to the same lien as the property was subject to from which it was derived," (*Huffard v. Gottberg*, 54 Mo. 274,) and was subject to garnishment in the hands of Nathan Wilkinson. *Casebolt v. Donaldson*, 67 Mo. 308. Judgment affirmed. The other judges concur.